FILED
JAN 1 8 2007
J T NOBLIN, CLERK
BY _____ DEPUTY
SOUTHERN DISTRICT OF MISSISSIPPI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MICHAEL ELLIS AND DR. RACHEL ELLIS          PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:07cv26 WHB-LRA

DR. EARL WATKINS, in his Individual and
Official Capacity, and
JACKSON PUBLIC SCHOOLS                       DEFENDANTS

## COMPLAINT
(Jury Trial Demanded)

COME NOW, Plaintiffs Michael and Dr. Rachel Ellis, by and through their attorneys, Lisa M. Ross and Louis H. Watson, Jr., and file this their Complaint against the Defendants, as follows:

### JURISDICTION AND VENUE

1.  This suit is authorized and instituted pursuant to Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq.; Civil Rights Act of 1866, 42 U.S.C. § 1981, 42 U.S.C. § 1983, Fifth Amendment and Fourth Amendment of the United States and Mississippi Constitutions. Jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000E-5(f), 28 U.S.C. § 1343(a)(3) & (4), and 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2202. Plaintiffs also invoke this Court's pendent jurisdiction over Plaintiffs' state law claims of breach of contract, invasion of privacy, intrusion upon seclusion, intentional infliction of emotional distress, negligent infliction of emotional distress, alienation of affection, loss of consortium, and negligent hiring supervision and retention.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to these claims acts complained of by Plaintiffs occurred in Jackson, Mississippi.

## PARTIES

3. Plaintiff Michael Ellis is an adult African American resident citizen of Hinds County, Mississippi. Plaintiff Michael Ellis is a highly driven and successful middle school principal whose career has included a stint as principal of Florence High School. In 2004, Plaintiff Michael Ellis was hired by Jackson Public Schools to serve as principal of Chastain Middle School. This year Michael Ellis received the "Principal of the Year" Award from the Jackson, Mississippi City Council. Throughout his career, Plaintiff, Michael Ellis, has been praised for his proficiency, dedication and skill.

4. Plaintiff Rachel Ellis is an adult African American resident citizen of Hinds County, Mississippi. Plaintiff Rachel Ellis is a highly driven and successful assistant principal at Wilkins Elementary School. Rachel Ellis first joined JPS as a teacher in 1998. In 2001, she completed her administrative internship in Rankin County. In 2002, former superintendent Jayne Sargeant hired Rachel Ellis to serve as assistant principal at Chastain Middle School. After Plaintiff Michael Ellis became principal at Chastain Middle School, Plaintiff Rachel Ellis was transferred to Wilkins Elementary School. For the past three summers, Rachel Ellis has served as summer school principal at two middle schools and one elementary school within the Jackson Public School District.

5. Defendant, Dr. Earl Watkins, is the Superintendent of Jackson Public Schools, the largest school district in Mississippi. At all times mentioned herein, Defendant, Dr. Earl Watkins, held himself out as a morally upright Superintendent of Education and lay minister and board member of World Overcomers Ministries Church. Dr. Watkins may be served

2

with process of this Court by serving a copy of the Summons and Complaint upon him at 662 South President, Jackson, Mississippi 39201. Dr. Watkins is being sued in his individual and official capacity.

6. Defendant, Jackson Public School, is a municipal public school district. Jackson Public Schools may be served by service on its Superintendent, Dr. Earl Watkins at 662 South President Street, Jackson, Mississippi 39201. At all times mentioned herein, Defendant, Jackson Public Schools was and is a municipal school district in Mississippi with its principal place of business in Jackson, Mississippi.

## STATEMENT OF FACTS

7. During the period from on or about March 2005 to the present, Plaintiffs Michael Ellis and Rachel Ellis were and are now employed by Defendant Jackson Public Schools, as principal of Chastain Middle School and assistant principal of Wilkins Elementary School, respectively.

8. Throughout his employment at Defendant Jackson Public Schools, Plaintiff Michael Ellis has reported directly to and been supervised by Superintendent Dr. Earl Watkins and Randy Bernamonti, Assistant Superintendent of Middle Schools.

9. Throughout her employment at Defendant Jackson Public Schools, Plaintiff Rachel Ellis has reported directly to and been supervised by Superintendent Dr. Earl Watkins and Dr. Capucine Robinson, Assistant Superintendent of Elementary Schools.

10. From on or about 2002, Defendant Dr. Earl Watkins was and continues to be the Superintendent of Jackson Public Schools, and one of Plaintiffs' supervisors and a manager and employee of Defendant Jackson Public Schools.

11. At all times material to this Complaint, the individual officers, directors, supervisors, managers, employees and/or agents mentioned herein, acted within the scope of duties as

officers, directors, supervisors, managers, employees and/or agents of Defendants Jackson Public Schools.

12. Upon information and belief, on or about March 2006 through the present, Plaintiff Michael Ellis has been subjected to quid pro quo sexual harassment at the hands of Defendant Dr. Earl Watkins and a sexually hostile work environment, perpetrated by Defendant Dr. Earl Watkins, the superintendent of Defendant Jackson Public Schools.

13. From March 2006 to the present, Plaintiffs Michael Ellis and Dr. Rachel Ellis have been subjected to quid pro quo sexual harassment at the hands of Defendant Dr. Earl Watkins and a sexually hostile work environment, perpetrated by Defendant Dr. Earl Watkins, an employee of Defendant Jackson Public Schools.

14. Within Defendant Jackson Public Schools, a permissive and encouraging environment for sex discrimination and sexual harassment reigns among supervisors, managers and employees.

15. During the period from approximately March of 2006 through the present, extending prior to and subsequent to those dates, while acting with his apparent authority as superintendent of Jackson Public Schools, Defendant Dr. Earl Watkins, made sexual advances toward Plaintiff Michael Ellis and conditioned Michael Ellis' continued employment and Plaintiff Rachel Ellis' promotion from assistant principal to principal on sexual favors from Michael Ellis. In addition, Defendants Dr. Earl Watkins and Jackson Public Schools and its employees, managers, directors, officers and agents, made sexual advances and requests for sexual favors from Plaintiff Michael Ellis because of his sex. Defendant Dr. Earl Watkins harassed and intimidated Plaintiff Michael Ellis, and created and maintained a virulently hostile work environment through explicit, rampant, pervasive and continued sex discrimination and sexual harassment against Plaintiff Michael Ellis and

4

other male employees that was so offensive and severe that it detrimentally altered the terms and conditions of Plaintiff's employment. At all times, complained of herein, Plaintiff Michael Ellis rebuffed Defendant Dr. Earl Watkins' sexual advances.

16. Throughout their employment at Jackson Public Schools, Plaintiffs Michael Ellis and Dr. Rachel Ellis found their work challenging and engaging. Indeed, their careers as principal and assistant principal, respectively, have involved precisely the kind of work that they studied and prepared for their entire adult lives.

17. However, beginning in March of 2006, Michael Ellis has been subjected to unwelcome sexual advances of Defendant Dr. Earl Watkins, a personality who presumably can be paternal and engaging and at any instant become Dr. Jekyll, Mr. Hyde.

18. From March of 2006 through the present, Defendant Dr. Earl Watkins used his apparent authority and control as superintendent to telephone and text message Plaintiff Michael Ellis. During Defendant Dr. Earl Watkins' unwelcome telephone calls to Plaintiff Michael Ellis' home and office, Defendant Dr. Earl Watkins invaded the Plaintiffs' privacy, intruded upon the quiet enjoyment of their home, and attempted to alienate Plaintiff Michael Ellis' affection for his wife Plaintiff Dr. Rachel Ellis. Defendant Dr. Earl Watkins instructed Plaintiff Michael Ellis not to share the contents of any of their communications with Plaintiff Dr. Rachel Ellis. Defendant Dr. Earl Watkins then inquired about the kinds of sexual activity Plaintiff Michael Ellis enjoyed with Plaintiff Dr. Rachel Ellis. Defendant Dr. Earl Watkins asked Plaintiff Michael Ellis if he liked Plaintiff Dr. Rachel Ellis to give him massages. Defendant Dr. Earl Watkins also asked Plaintiff Michael Ellis if he liked Plaintiff Dr. Rachel Ellis to massage him below his belly button.

19. From March of 2006 through the present, Defendant Dr. Earl Watkins used his apparent authority and control as superintendent to telephone Plaintiff Michael Ellis at his

office and home to request that Plaintiff Michael Ellis meet him for drinks and/or travel to Philadelphia, Mississippi and New Orleans, Louisiana with Defendant Dr. Earl Watkins.

20. From March of 2006 through the present, Defendant Dr. Earl Watkins used his apparent authority and control as superintendent to telephone Plaintiff Michael Ellis to discuss whether Plaintiff Michael Ellis believed that Plaintiff Dr. Rachel Ellis was prepared to become a principal.

21. In June of 2006, Dr. Rachel Ellis submitted applications for six principal positions that were open in Jackson Public Schools. Jackson Public Schools interviewed Dr. Rachel Ellis for the principal's positions at three schools which formerly were headed by African-Americans. Jackson Public Schools did not interview Plaintiff Dr. Rachel Ellis for the principal's positions at three schools which formerly were headed by Whites. Upon information and belief, the selection committee recommended Dr. Rachel Ellis for a principal's position, but Defendant Dr. Earl Watkins was the final decision maker. Defendant Dr. Earl Watkins passed over Plaintiff Dr. Rachel Ellis and hired less qualified individuals, including but not limited to individuals who do not hold doctorate degrees as does Plaintiff Dr. Rachel Ellis, individuals with little or no classroom experience, and individuals with no experience as an assistant principal. Defendant Dr. Earl Watkins denied Plaintiff Dr. Rachel Ellis a promotion from assistant principal to principal because Plaintiff Michael Ellis did not give in to Defendant Dr. Earl Watkins' unwelcome sexual advances and because of her sex and race.

22. On or about June 12, 2006, Defendant Dr. Earl Watkins saw Plaintiffs Michael Ellis and Dr. Rachel Ellis at a district luncheon at the Marriott Hotel. After the luncheon, Defendant Dr. Earl Watkins sent Plaintiff Michael Ellis an email asking him "how was the

school year?" That night, Defendant Dr. Earl Watkins telephoned Plaintiff Michael Ellis and requested that Plaintiff Michael Ellis meet him.

23. During the same week, Defendant Dr. Earl Watkins attended two district workshops with Plaintiff Dr. Rachel Ellis. Plaintiff Dr. Rachel Ellis had been selected to attend the workshops because she was one of Jackson Public Schools' best and brightest assistant principals.

24. While at the workshops with Plaintiff Dr. Rachel Ellis, Defendant Dr. Earl Watkins telephoned and/or sent text messages unrelated to Jackson Public Schools business to Plaintiff Michael Ellis.

25. Beginning on or about June 2006, Plaintiff Michael Ellis showed Dr. Randy Bernamonti, assistant superintendent of middle schools, text messages he was receiving from Defendant Dr. Earl Watkins. Upon information and belief, Randy Bernamonti told Plaintiff Michael Ellis he did not know what to do. Apparently, Randy Bernamonti did nothing. If Bernamonti reported Dr. Watkins to JoAnne Shepherd and/or board members, Jackson Public School, it did not stop Defendant Dr. Earl Watkins from sexually harassing Plaintiff Michael Ellis.

26. On or about June 28, 2006, after unlawfully and illegally passing up Plaintiff Rachel Ellis for a principal's job, Defendant Dr. Earl Watkins sent Michael Ellis three text messages. The first message Defendant Dr. Earl Watkins sent Michael Ellis at 1:34 p.m. stating "I have time this evening. Think about it." At 3:35 p.m., Defendant Dr. Earl Watkins sent Plaintiff Michael Ellis another text message. In that text message, Defendant Dr. Earl Watkins stated "I am in the office if you are coming downtown. You obviously like making me wait." Less than three hours later, Defendant Dr. Earl Watkins sent Plaintiff Michael Ellis a text message at 6:06 p.m. stating "Still in the office if you can talk." At 9:40 p.m., Defendant Dr.

Earl Watkins sent Plaintiff Michael Ellis another text message and posed the question, "Can you talk?"

27.     Throughout the months of August 2006 through September 2006, Defendant Dr. Earl Watkins used his apparent authority and control as superintendent to telephone Plaintiff Michael Ellis while Plaintiff Michael Ellis was at home trying to rest with his family in preparation for the next day's work.

28.     On September 26, 2006, Defendant Dr. Earl Watkins telephoned Plaintiff Michael Ellis eight times. Later that day, Plaintiff Michael Ellis telephoned Defendant Dr. Earl Watkins and told him that he was under too much pressure and asked Defendant Dr. Earl Watkins not to telephone him unless the call was related to school business.

29.     Having received no relief after showing Randy Bernamonti the text messages and telling his about the telephone calls he was receiving from Defendant Dr. Earl Watkins, Plaintiff Michael Ellis on September 29, 2006 showed Shae Robinson, the human resources manager at Jackson Public Schools, Defendant Dr. Earl Watkins' telephone number on his cell phone and reported that he was being sexually harassed by the superintendent.

30.     The following day, JoAnne Shepherd, counsel for the school district, summoned Plaintiffs Michael Ellis and Dr. Rachel Ellis to her office to meet with the superintendent. The Plaintiffs fearing further reprisal did not attend the meeting.

31.     In an October 3, 2006 letter to an attorney representing Michael Ellis and Dr. Rachel Ellis at that time, JoAnne Shepherd promised that Jackson Public School District would not retaliate against Michael Ellis and Dr. Rachel Ellis.

32.     Soon thereafter, JoAnne Shepherd and other began a campaign to get rid of Michael Ellis. This campaign included initiating a audit of the payroll at Chastain Middle School, and using the results of that audit as one ground to terminate Michael Ellis' contract, all because

Michael Ellis and Dr. Rachel Ellis were unwilling to withdraw their charges of sexual harassment and other forms of discrimination against the district.

33. Dr. Earl Watkins acting with the approval of the Jackson Public School District retaliated against Michael Ellis on or about December 20, 2006 when he was removed from his position at Chastain Middle School.

## CAUSE OF ACTIONS

### QUID PRO QUO SEXUAL HARASSMENT

34. The Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

35. Plaintiffs contend that Defendant Dr. Earl Watkins used his apparent authority as superintendent to demand sexual favors from Plaintiff Michael Ellis and conditioned Michael Ellis' continued employment and Plaintiff Dr. Rachel Ellis' promotion from assistant principal to principal on sexual favors from Michael Ellis.

36. Upon information and belief, Jackson Public Schools knew or should have known of Defendant Dr. Earl Watkins' inappropriate relationships with Michael Ellis and did nothing to stop Defendant Dr. Earl Watkins from preying on its employee Michael Ellis.

37. As a proximate consequence of the actions of Defendants Dr. Earl Watkins and Jackson Public Schools, Plaintiff Dr. Rachel Ellis was unlawfully denied a promotion and the Plaintiffs suffered economic and emotional harm.

### SEXUALLY HOSTILE WORK ENVIRONMENT

38. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

39. Plaintiffs contend Defendant Dr. Earl Watkins used his apparent authority to make sexual advances and to demand sexual favors because of his sex and this had the effect of unreasonably interfering with the Plaintiffs' work performance and creating an intimidating, hostile and offensive working environment.

40. Upon information and belief, Defendant Jackson Public Schools knew or should have known of Defendant Dr. Earl Watkins' sexual misconduct as Plaintiff Michael Ellis reported this matter to his immediate supervisor on or about June of 2006.

41. As a proximate consequence of the actions of Defendants Dr. Earl Watkins and Jackson Public Schools, the Plaintiffs suffered emotional harm.

## FAILURE TO PROMOTE

42. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

43. Plaintiffs contend Defendant Dr. Earl Watkins used his apparent authority to prevent Dr. Rachel Ellis from being promoted because her husband refused to give in to his sexual advances and because of her race and sex. This had the effect of unreasonably interfering with Dr. Rachel Ellis' right to be promoted and caused some individuals who were less qualified than Dr. Rachel Ellis to be selected as principals.

44. Upon information and belief, Defendant Jackson Public Schools knew or should have known that Defendant Dr. Earl Watkins and Jackson Public Schools were passing over Dr. Rachel Ellis for promotion because Michael Ellis had rebuffed Dr. Watkins sexual advances and because of her race and sex.

45. As a proximate consequence of the actions of Defendants Dr. Earl Watkins and Jackson Public Schools, Dr. Rachel Ellis suffered emotional harm.

## RETALIATION

46. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

47. Plaintiffs contend Defendant Dr. Earl Watkins and others used their apparent authority to retaliate against Michael Ellis by terminating his employment while retaining employees and treating employees who committed offenses Michael Ellis is alleged to have committed more favorably than Michael Ellis. This had the effect of unreasonably

interfering with Michael Ellis' interest in continual employment with Jackson Public School District.

48.  Upon information and belief, Defendant Jackson Public Schools knew or should have known that Defendant Dr. Earl Watkins and Jackson Public Schools were retaliating against Michael Ellis because Michael Ellis and Dr. Rachel Ellis refused to withdraw their complaints of sexual harassment and race and sex discrimination against Dr. Earl Watkins and Jackson Public Schools.

49.  As a proximate consequence of the actions of Defendants Dr. Earl Watkins and Jackson Public Schools, Michael Ellis and Dr. Rachel Ellis suffered emotional harm.

## EQUAL PROTECTION

50.  Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

51.  Plaintiffs contend Defendant Dr. Earl Watkins and others used their apparent authority to retain and treat similarly situated employees more favorably than Michael Ellis. This had the effect of unreasonably depriving Michael Ellis of his right to be treated in the same manner as similarly situated employees.

52.  Upon information and belief, Defendant Jackson Public Schools knew or should have known that Defendant Dr. Earl Watkins and Jackson Public Schools were and/or had treated similarly situated employees more favorably than Michael Ellis.

53.  As a proximate consequence of the actions of Defendants Dr. Earl Watkins and Jackson Public Schools, Michael Ellis and Dr. Rachel Ellis suffered emotional harm.

## BREACH OF CONTRACT

54.  Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

55.  Plaintiffs contend Defendant Dr. Earl Watkins and others used their apparent authority to cause Michael Ellis' contract as principal to be unlawfully breached.

56. Upon information and belief, Defendant Jackson Public Schools knew or should have known that Defendant Dr. Earl Watkins and Jackson Public Schools were breaching Michael Ellis' contract and that Michael Ellis was entitled to remain in his position so long as he did not committed any serious misconduct.

57. As a proximate consequence of the actions of Defendants, Dr. Earl Watkins and Jackson Public Schools, Michael Ellis and Dr. Rachel Ellis suffered emotional harm.

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

58. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

59. Plaintiffs contend Defendant Dr. Earl Watkins used his power and authority to tortiously interfere with Michael Ellis' contract as principal.

60. Upon information and belief, Defendant Jackson Public Schools knew or should have known that Defendant Dr. Earl Watkins used his power and authority to tortiously interfere with Michael Ellis' contract.

61. As a proximate consequence of the actions of Defendant Dr. Earl Watkins, Michael Ellis and Dr. Rachel Ellis suffered emotional harm.

## INVASION OF PRIVACY

62. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

63. Plaintiffs contend that Defendant Dr. Earl Watkins used his apparent authority as superintendent to inquire into the Plaintiffs' sex life.

64. As a proximate consequence of the actions of Defendants Dr. Earl Watkins and Jackson Public Schools, the Plaintiffs were harmed.

## INTRUSION UPON SECLUSION/HARASSMENT

65.    Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

66.    Plaintiffs contend that Defendant Dr. Earl Watkins used his apparent authority as superintendent to telephone Plaintiff Michael Ellis at his home to discuss matters unrelated to Jackson Public School District's business.

67.    As a proximate consequence of the actions of Defendants, Dr. Earl Watkins and Jackson Public Schools, the Plaintiffs were harmed.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.    Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

69.    Plaintiffs contend that Defendant Dr. Earl Watkins' conduct and Defendant Jackson Public Schools' failure to end the inappropriate conduct is outrageous and beyond all decency.

70.    As a proximate consequence of the actions of Defendants Dr. Earl Watkins and Jackson Public Schools, the Plaintiffs were harmed.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

71.    Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

72.    Plaintiffs contend that Defendants Dr. Earl Watkins and Jackson Public School knew or should have known that Dr. Earl Watkins' conduct was outrageous and beyond all decency and it would cause harm to the Plaintiffs.

73.    As a proximate consequence of the actions of Defendants Dr. Earl Watkins and Jackson Public Schools, the Plaintiffs were harmed.

## ATTEMPTED ALIENATION OF AFFECTION

74. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

75. Plaintiffs contend that Defendant Dr. Earl Watkins used his apparent authority as superintendent and attempted to alienate the affections of Plaintiff Michael Ellis from his wife Plaintiff Dr. Rachel Ellis.

76. As a proximate consequence of the actions of Defendants, Dr. Earl Watkins and Jackson Public Schools, the Plaintiffs suffered harm.

## LOSS OF CONSORTIUM

77. Plaintiffs reallege all prior paragraphs of the Complaint as if set out here in full.

78. As a result of the actions of Defendants Dr. Earl Watkins and Jackson Public Schools, the Plaintiffs have been unable to enjoy normal marital relations that they enjoyed before the tortuous and unlawful conduct of Defendant Dr. Earl Watkins.

79. As a proximate consequence of the actions of Defendants Dr. Earl Watkins and Jackson Public Schools, the Plaintiffs suffered harm.

## NEGLIGENT HIRING, SUPERVISION AND RETENTION

80. Defendants JPS and its board members breached their duties to Plaintiffs by negligently hiring, supervising and continuously retaining Defendant Dr. Earl Watkins, who engaged in outrageous conduct against the Plaintiffs. The defendants' failure to adopt and implement policies, procedures, and practices to prevent Defendant Dr. Earl Watkins from being hired or retained by JPS was a direct cause of Plaintiffs' injuries and violations of Plaintiffs' rights secured under state and federal law.

81. As a result of the negligent hiring, supervision and retention of Defendant Dr. Earl Watkins, the Plaintiffs have suffered and will continue to suffer harm and damages as alleged

herein and seek an award of compensatory and punitive damages as prayed for below.

## DAMAGES

82. As a consequence of the foregoing misconduct of Defendants Dr. Earl Watkins and Jackson Public Schools, Plaintiffs Michael Ellis and Dr. Rachel Ellis sustained pain and suffering, physical injury, great mental distress, depression, insomnia, shock, fright and humiliation.

83. As a consequence of the foregoing misconduct of Defendants Dr. Earl Watkins and Jackson Public Schools, Plaintiffs Michael Ellis and Rachel Ellis have been damaged in an amount exceeding the jurisdictional requirements of this Court.

## RELIEF

84. Plaintiffs request that the Court issue the following relief:

a. Enter declaratory relief declaring that Defendants have engaged in quid pro quo discrimination, sexually hostile work place, violation of equal protection rights, breach of contract, tortuous interference with contractual relations, race and sex discrimination, invasion of privacy, intrusion upon seclusion, intentional infliction of emotional distress, negligent infliction of emotional distress, attempted alienation of affection, loss of consortium, and sex and racial discrimination against Michael Ellis and Dr. Rachel Ellis, and enjoining Defendants from in the future engaging in such discrimination and retaliatory practices.

b. Enter temporary and permanent injunctions restraining Defendants from discriminating, harassing and retaliating against the Plaintiffs because of their sex and race;

c. Award Plaintiffs Michael Ellis and Dr. Rachel Ellis reinstatement or in the alternative front pay, equitable back pay, economic damages for her lost pay, fringe benefits and promotional opportunities, together with compensatory and punitive damages for

intentional sex discrimination and harassment in the amount to be determined by a jury of their peers.

    d. Award Plaintiffs attorney fees, costs and expenses of litigation and;

    e. Award such other relief to which Plaintiffs may be entitled under law including promotion to the position of principal.

    **WHEREFORE PREMISES CONSIDERED**, Plaintiffs Michael Ellis and Rachel Ellis demand judgment against Defendants Dr. Earl Watkins and Jackson Public Schools in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this, the 18th day of January, 2007.

                                              **MICHAEL ELLIS and**
                                              **RACHEL ELLIS**

                                              By: */s/ Lisa M. Ross*
                                              Lisa M. Ross, Esq.
                                              MSB# 9755
                                              P.O. Box 11264
                                              Jackson, MS 39283-1264
                                              (601) 981-7900 (telephone)
                                              (601) 981-7917 (facsimile)

                                              Louis H. Watson, Jr., Esq.
                                              MSB # 9053
                                              520 E. Capitol St.
                                              Jackson, MS 39201-2703
                                              (601) 968-0000 (telephone)
                                              (601) 968-0010 (facsimile)

                                              Attorneys for Plaintiffs